IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-30081 |
| | ) | |
| TAMMY LeBLANC McMILLAN, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on December 20, 2007, for the sentencing hearing of Defendant Tammy LeBlanc McMillan. Defendant McMillan appeared in person and by her attorney Bruce D. Locher. The Government appeared by Assistant U.S. Attorney Timothy A. Bass. On September 11, 2007, Defendant McMillan pleaded guilty to the charge of Bank Robbery, in violation of 8 U.S.C. §§ 2113(a) and (2), as alleged in the Indictment (d/e 7). The Court accepted the plea on October 11, 2007. Text Order entered October 11, 2007. The United States Probation Office prepared a Presentence Investigation Report (PSR), dated December 7, 2007.

1

The Government had no objections.

The Defendant objected to the finding in paragraph 17 of the PSR. Paragraph 17 stated that the base offense level should be increased by four points because Defendant McMillan's co-defendant John Beck otherwise used a dangerous weapon during the course of the robbery.  See PSR ¶ 6. Beck pointed what appeared to be a gun at a bank employee.  Counsel represented that the object may have been a toy gun, but no evidence was adduced on this point. McMillan argued that Beck only brandished a dangerous weapon.  Brandishing a dangerous weapon calls for a three-point increase, but otherwise using a dangerous weapon calls for a four-point increase.  U.S.S.G. § 2B3.1(b)(2).  For the reasons stated of record, the Court overruled the objection.  Brandishing is displaying a weapon, but Beck did more than show that he had a weapon; he pointed it at an employee.  The additional fear that his actions instilled in the employee merited the additional point for otherwise using a dangerous weapon.  The Court also noted that the increase should arguably have been six points because the object appeared to be a gun.  Otherwise using a firearm, rather than a dangerous weapon, results in a six-point increase of the offense level. Id.

The Defendant had no additional objections to the PSR. The Court, therefore, adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant McMillan had a final Offense Level of 23 and was in Criminal History Category VI, resulting in an advisory Guideline sentencing range of 92 to 115 months, in Zone D of the Guidelines. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant McMillan's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant McMillan, the Court sentenced Defendant Tammy LeBlanc McMillan to a term of 92 months imprisonment, to be followed by 3 years of supervised release. The Court ordered Defendant McMillan to pay a $100.00 special assessment, which was due immediately. No fine was imposed. The Court ordered Defendant McMillan to pay restitution in the sum of $1,000.00, her liability for which was made joint and several with her co-defendant John Beck. The Court

recommended to the Bureau of Prisons that Defendant McMillan be placed in a facility with an intensive drug treatment program and as close to central or southern Illinois as possible. The Court then informed Defendant McMillan of her right to appeal.

IT IS THEREFORE SO ORDERED.

ENTER:      December 21      , 2007.

       FOR THE COURT:

                          s/Jeanne E. Scott
                          JEANNE E. SCOTT
                UNITED STATE DISTRICT JUDGE